## MARIGNY vs. HUNT.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The only question in this case is, whether an application for an order of seizure and sale against mortgaged property in the hands of a third possessor, should be made to the judge of the district where said possessor resides, or

Real actions are those in which a specific thing is demanded, whether moveable or immoveable.

An application for an order of seizure and sale, should be made to the judge of the place where the debtor resides.

East'n. District.
*June* 1825.

MARIGNY
*vs.*
HUNT.

to him within whose district the property is situated. The defendant contends it is the latter, and of that opinion was the judge of the first instance, who after hearing the parties, made absolute the rule to set the order of seizure aside. The plaintiff appealed.

The appellee contends this is a real action, which must be brought in the place where the property is situated.

Admitting it to be a *real* action, the conclusion drawn by the defendant is not correct.

By the laws of Rome and Spain, all actions were considered *real*, that had for their object the recovery of any specific thing, whether it were moveable or immoveable. *Quæ specialis in rem actio locum habet in omnibus rebus mobilibus, tam animalibus, quam his quæ anima carent, et in his quæ solo continentur. Digest, lib.* 6, *tit.* 1, *l.* 1 & 9. *Inst. lib.* 4, *tit.* 4, *l.* 1. *Febrero, p.* 1, *cap* 4 § 4, *n.* 70.

But it is clear that by our jurisprudence, though we should admit, in reference to the ancient laws of the country, that an action for a horse, a bale of merchandize, or a flock of cattle, was a *real* action; the place to bring it would be the residence of the person sued, not that where the moveable was situated.

So it was in Rome and in Spain, and they do not seem to have made any distinction whether the thing were moveable or immoveable. *Actor rei forum, sive in rem, sive in personam sit actio, sequitur.* Code 3, *tit,* 19, *law* 3. *Par.* 3 *tit.* 3, *law* 4, *Novissima Recop. lib.* 11, *tit.* 4, *ley* 9.

There were exceptions to this rule in both systems. The principal one in the Roman law was, where the suit was against a possessor, who claimed to hold it for another. In that of Spain, the same limitation to the general principle was adopted, with some others not necessary to be stated, as the instance before us is not one of them. *Code, liv.* 3, *tit.* 19, *law* 2 & 3. *Par.* 3, *tit.* 2, *law* 32.

Our statute has provided " that no person or persons having a permanent residence shall be sued in a civil action, in any other parish, but in that wherein he she or they shall habitually reside, any law to the contrary notwithstanding." No direct exception is shewn in the ancient law of the country, in regard to an hypothecary action, which would prevent the statute having its effect; and from its being so positive in its terms, and using negative expressions, a very strong case indeed must be shewn, to authorise a court to say, the provisions of this act did not apply to it.

Considering therefore an application for an order of seizure and sale as the commencement of that proceeding known to our law as the *juicio executivo*, we think the judge of the place where the debtor resides, alone has authority to grant the order. *Tilghman* vs. *Dias.* 12 *Martin*, 691.

But in this particular case, it is not the mortgagor, but the possessor of the mortgaged property who has contested the regularity of the proceedings. With regard to such persons the law of Spain declares, they may be pursued *wherever the principal debtor can*, as the property mortgaged passes to the third possessor, *ipso jure*, with this burthen. It is unnecessary for us to say, whether the statute already referred to, has not wrought a change in this matter, where the *tercero poseedor* has his permanent residence in a parish other than the principal debtor; because in the instance before us the defendant and mortgagor both resided within the same jurisdiction, and whether we consider the case under our own statute, or by the exception contained in the antient laws of Louisiana, the proceedings had here, were legal, and must be confirmed. *Cur. Phil. p.* 2, § 11, *n.* 17.

It is therefore ordered, adjudged and decreed, that the judgment of the district court setting aside the order of seizure and sale, be annulled, avoided & reversed, and it is further ordered, adjudged and decreed, that the original order of seizure and sale, granted by the judge of the first district, be revived and reinstated; that the case be remanded to the district court to enable the plaintiff to proceed according to law, and that the appellee pay the costs of this appeal.

*Dumoulin* for the plaintiff, *Pierce* for the defendant.